**LUGGER, Plaintiff-Appellant, v. WOLFORD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5066. Decided February 24, 1955.

John E. Palcich, Columbus, for plaintiff-appellant.
John P. Moloney, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Municipal Court of Columbus, Ohio. The action is one for damages arising out of a collision between two automobiles. The defendant denied all allegations of negligence set forth in the petition and also filed a cross-petition charging the plaintiff with certain acts of negligence resulting in damages to the defendant. The case was tried to the court without the intervention of a jury and a judgment was rendered for the defendant at plaintiff's costs and the cross-petition was dismissed.

A request for separate findings of fact and conclusions of law was seasonably filed which resulted in the following finding:

"The court finds as a matter of fact, acting as a jury, that neither party, plaintiff nor defendant, proved by a greater weight or a preponderance of the evidence, their petition or the cross-petition; therefore, as a conclusion of law, the verdict of the court is for the defendant

and the cross-petition of the defendant is ordered dismissed. All at plaintiff's costs."

The only error assigned is that the finding is not in accordance with law, the appellant contending that it is merely the court's legal conclusion and contains no factual findings. Our analysis of the same is in accord with the views of the appellant as to the contents of the finding, so the question then presented is whether the finding properly accounts for the court's failure to make a finding of facts. We think it does. It states that neither party proved by the proper degree of proof "their petition or cross-petition." If no pertinent facts were proved it must follow that there could be no factual finding and a finding of admitted facts is not required. **Bauer v. Cleveland Ry. Co., 141 Oh St 197.**

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.